```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Mary Linda Reed and
Richard Reed

    v.                                  Civil No. 12-cv-164-JD
                                               Opinion No. 2013 DNH 052

City of Portsmouth


## O R D E R

Mary Linda and Richard Reed brought a negligence claim and a claim for loss of consortium against the City of Portsmouth, New Hampshire, after Mary Linda tripped in a Portsmouth park and injured her right foot and ankle.  Portsmouth moves for summary judgment, arguing that it is immune from liability under New Hampshire's recreational use statutes.  The plaintiffs object to the motion.


## Background

On June 15, 2011, Mary Linda Reed ("Reed"), her husband Richard, and two friends were walking along a public street near Haven Park in Portsmouth, New Hampshire.  Reed noticed a statue in the middle of the park with a plaque on it, which Reed could not read from the street.  Reed entered the park to take a closer look at the statue and read the plaque.

As Reed approached the statue, she stepped in a hole in the grass that was approximately eighteen inches in diameter and eighteen inches deep. According to Reed's affidavit, "[t]he hole was covered with or full of grass, and was essentially invisible because it had been mowed over, and appeared to be the same as and a continuation of the rest of the grass/lawn." Reed injured her foot and ankle when she stepped in the hole.

## Standard of Review

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law." Id. at 248. The court considers the undisputed material facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Avery v. Hughes, 661 F.3d 690, 693 (1st Cir. 2011).

Discussion

The plaintiffs brought a negligence claim and a claim for loss of consortium against Portsmouth.  Portsmouth argues that it is entitled to summary judgment because it is immune from liability for Reed's injury under RSA 508:14 and RSA 212:34, New Hampshire's recreational use statutes.

RSA 508:14 provides:

> An owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage.

RSA 508:14, I.

RSA 212:34 provides:

> A landowner owes no duty of care to keep the premises safe for entry or use by others for outdoor recreational activity or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes . . . .

RSA 212:34, II.

Portsmouth argues that the statutes give it immunity from the plaintiffs' claims.  The plaintiffs argue that the statutes do not apply because (i) the statutes do not apply to municipal owners of public property; (ii) Haven Park is not the type of land covered by the statutes; (iii) Reed was not engaged in

"recreational activity"; and (iv) even if the statutes applied to the facts of this case, Portsmouth voluntarily assumed and breached the duty of maintaining the park, and can therefore be held liable.

A.  Municipal Owners

The plaintiffs argue that the legislative history of the recreational use statutes suggests that they were intended to apply only to privately-owned land that was open to the public, and not to land owned by municipalities.  They also argue that the phrase "including the state or any political subdivision" in RSA 508:14 was intended to give immunity to a municipality only when the municipality is a lessee of the land, not an owner.

Under New Hampshire principles of statutory interpretation, a court "first look[s] to the language of the statute itself, and, if possible, construe[s] that language according to its plain and ordinary meaning."  State v. Matton, 163 N.H. 411, 412 (2012) (citing State v. Beauchemin, 161 N.H. 654, 658 (2011)).  Therefore, the court "will not examine legislative history unless the statutory language is ambiguous, consider what the legislature might have said, or add words not included in the statute."  Weare Land Use Ass'n v. Town of Weare, 153 N.H. 510, 511 (2006); see also Hynes v. Hale, 146 N.H. 533, 539 (2001) (where the language of a statute is unambiguous, a court "need

not look beyond the statute for further indications of legislative intent") (internal citation and quotation marks omitted).  In other words, a court cannot "read into [a] statute[] a limitation that the legislature left out."  <u>Collins v. Martella</u>, 17 F.3d 1, 4 (1st Cir. 1994).

The recreational use statutes give landowners who make their land available for public recreational activities immunity from liability.  In addition, RSA 508:14 specifically provides that the statute applies to states and political subdivisions.  Although the plaintiffs argue that RSA 508:14 applies to state and political subdivisions only when they are the lessee of the land, they offer no support for that interpretation other than their own reading of the statute and their contention that such an interpretation "makes sense."[1]

The court will not read into a statute a limitation that conflicts with the plain language the legislature chose to use.  Accordingly, RSA 508:14 applies to publicly-owned land.  As a

---

[1] The plaintiffs also point to <u>Coan v. N.H. Dep't of Envt'l Servs.</u>, 161 N.H. 1 (2010), and argue that in that case the New Hampshire Supreme Court acknowledged that whether RSA 508:14, I applied to State-owned land was an issue yet to be decided.  In <u>Coan</u>, however, the New Hampshire Supreme Court merely noted that the plaintiffs did not dispute that RSA 508:14, I applied to State-owned land and so the court assumed, without deciding, that it did.  <u>Id.</u> at 5.  Regardless, <u>Coan</u> does not stand for the proposition that RSA 508:14 applies only to privately-owned land and, therefore, does not bear on this court's decision.

5

result, it is not necessary to consider whether RSA 212:34 is limited to privately-owned land.

B.  Application to Haven Park

The plaintiffs argue that Haven Park is not the type of property to which the recreational use statutes apply or were intended to apply.  They contend that the property was opened as a public park decades before the recreational use statutes were enacted and, therefore, it could not have been an intended beneficiary of the statutes.  The plaintiffs further argue that city ordinances ban various recreational activities in the park, including bicycling, football, baseball, and roller skating.  They contend that these restrictions, as well as the city's maintenance and upkeep of the park, demonstrate that the city takes it upon itself to protect the park and persons in the park from damage or injury.

The plaintiffs' arguments are contrary to the plain language of RSA 508:14.  RSA 508:14 does not distinguish land opened to the public prior to the enactment of the statutes, land subject to city ordinances, or land which the city maintains.  Accordingly, RSA 508:14 applies to Haven Park.

C.   Recreational Activity

The plaintiffs also argue that RSA 508:14 does not apply because Reed was not engaged in "recreational" activity. They contend that walking through a park to see a statue does not constitute recreational activity and was not the type of activity contemplated by the recreational use statutes. They further argue that the question of whether Reed was engaged in recreational activity is an issue of material fact that must be determined by a jury.

In support of their arguments, the plaintiffs cite RSA 212:34, I(c), which defines outdoor recreational activity as:

> outdoor recreational pursuits including, but not limited to, hunting, fishing, trapping, camping, horseback riding, bicycling, water sports, winter sports, snowmobiling as defined in RSA 215-C:1, XV, operating an OHRV as defined in RSA 215-A:1, V, hiking, ice and rock climbing or bouldering, or sightseeing upon or removing fuel wood from the premises.[2]

The plaintiffs argue that Reed's "very brief detour from walking to her intended destination (Strawberry Banke) to look at and read the plaque describing the statue in Haven Park which was admittedly illegible from the public sidewalk is not 'sightseeing' or 'recreational' activity."

---

[2]RSA 508:14 does not contain a definition of "recreational activity."

7

Although walking through a public park is not specifically delineated in RSA 212:34, the plaintiffs fail to explain why such activity is not recreational.[3]  See, e.g., Schneider v. U.S.A., Acadia Nat. Park, 760 F.2d 366, 368 (1st Cir. 1985) (noting that although drinking coffee in a park was not expressly listed as a recreational activity in Maine's recreational use statute, "[a]ny number of clearly recreational activities suggest themselves"). The plaintiffs also fail to provide any support for their contention that walking through a park for the purpose of getting a closer look at a statue does not constitute "sightseeing".[4] Accordingly, Reed's actions in the park constituted recreational activity for purposes of the recreational use statutes.[5]

---

[3] RSA 212:34(c) provides examples of recreational activities but, by its own language, does not provide an exhaustive list.

[4] Moreover, "the consequences of plaintiff[s'] approach would be absurd.  The manifest purpose of the Park is recreational. Plaintiff[s] would have it that a greater duty is owed to those for whom the Park is not maintained than to those for whom it is."  Schneider, 760 F.2d at 368.

[5] The parties agree on the facts as they pertain to Reed's activity in Haven Park.  Therefore, the question of whether Reed's activity constituted "recreational activity" is one of statutory interpretation and is a question of law, not fact.  See Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 691 (1st Cir. 1994).

D.   Assumed Duty

Finally, the plaintiffs argue that even if RSA 508:14 applies, Portsmouth can still be liable for Reed's injury because it assumed a duty to maintain the park "through its extensive and regular maintenance, landscaping, regulation and patrolling of" the park.  The plaintiffs contend that Portsmouth breached its duty of care because it was "negligent in its performance of this duty."

RSA 508:14 provides that an owner of land who permits any person to use the land for recreational purposes "shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage."  RSA 508:14, I.  The plaintiffs do not allege that Portsmouth intentionally caused Reed's injury.  Accordingly, Portsmouth's maintenance and landscaping of Haven Park does not change the applicability of the 508:14.[6]

---

[6]RSA 212:34, VI similarly provides that no cause of action shall exist for a person injured using the land in a manner other than provided in the statute.  The statute does not provide for liability for an assumed duty of care.

9

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 8) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

April 3, 2013

cc: Peter E. Hutchins, Esquire
    William G. Scott, Esquire